ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| ILIANA COLÓN VEGA<br><br>Recurrida<br><br><br>V.<br><br>EDUARDO BENIGNO OJEDA DÁVILA, JANE DOE, SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionarios | TA2026CE00653 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Caso Núm.: SA2026CV00133<br><br>Sobre:<br><br>Desahucio en Precario |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 16 de junio de 2026.

En recurso presentado el 21 de mayo de 2026, el señor Eduardo Benigno Ojeda Dávila, por derecho propio, sin someterse a la jurisdicción, solicitó que revisemos una orden interlocutoria que emitió el Tribunal de Primera Instancia, Sala de Salinas, el 27 de abril de 2026. Mediante esta, el TPI autorizó que el pleito de desahucio se convirtiera en uno ordinario e informó que autorizaba el emplazamiento por edicto, por lo que ordenó que se sometiera el proyecto de orden a esos fines.

Evaluado el recurso, se CONFIRMA la orden recurrida.

### I.

El 15 de abril de 2026, Ileana Colón Vega t/c/c Ileana López, presentó una demanda de desahucio contra Eduardo Benigno Ojeda Dávila, Jane Doe y la Sociedad Legal de Gananciales compuesta por ambos. En síntesis, adujo que tenía un derecho

hereditario inscrito a su favor sobre una propiedad ubicada en el Barrio Aguirre del Municipio de Salinas, que el señor Ojeda Dávila ocupaba. Por ello, solicitó su desahucio.

El 16 de abril de 2026, el foro primario emitió una Orden para la celebración del Juicio en su Fondo para el 28 de abril de 2026, a las 9:00 de la mañana.

El **24 de abril de 2026**, el señor Ojeda Dávila interpuso una moción de *Comparecencia especial sin someterse a jurisdicción al único fin de impugnar la jurisdicción por inexistencia de emplazamiento y solicitar la nulidad inmediata de la declaratoria de herederos por quiebre del debido proceso, perjurio, y fraude procesal[1].* En esta solicitó que se determine que el tribunal carecía de jurisdicción sobre su persona ante la inexistencia de un emplazamiento perfeccionado conforme al término estatutario de cinco (5) días que exigía el Artículo 621 del Código de Enjuiciamiento Civil y la Regla 59.2 de Procedimiento Civil. Solicitó que se dejara sin efecto el señalamiento pautado para el 28 de abril de 2026. Requirió, a su vez, que el foro primario declarara la nulidad de una Resolución de Declaratoria de Herederos emitida el 30 de junio de 2017 en la causa GYCI201700138. Peticionó que se desestimara con perjuicio la demanda, al amparo de la Regla 4.3(c) de Procedimiento Civil, por alegada temeridad y la reincidencia de la parte demandante en abusar de los procesos sumarios de este Tribunal.

El **24 de abril de 2026**, notificada el día 27 de ese mes y año, el foro primario emitió una Orden[2] para concederle diez (10) días a la parte demandante para que exprese su posición a lo alegado por la parte demandada.

---

[1] SUMAC TPI, entrada 10.
[2] SUMAC TPI, entrada 11.

El 27 de abril de 2026, la parte demandante presentó una *Moción solicitando conversión de vista a estado de los procedimientos y solicitando conversión de pleito a trámite ordinario*.[3] Alegó que el emplazador se presentó en la propiedad donde reside el demandado, Eduardo Benigno Ojeda Dávila, en varias ocasiones, e inclusive, lo contactó por vía telefónica, que este no responde y que se oculta para no ser emplazado. Ante ello, solicitó que el caso se tramitara mediante procedimiento ordinario y se le permitiera emplazar al demandado conforme a lo dispuesto en la Regla 4 de Procedimiento Civil.

Ese mismo día, **27 de abril de 2026**, el foro primario emitió una *Orden*[4] en la cual cambió el señalamiento del 28 de abril de 2026, en una vista de estado de los procedimientos a través del sistema de videoconferencia. Además, convirtió el procedimiento en uno ordinario y autorizó el emplazamiento por edicto. Ordenó que se sometiera el proyecto de orden a esos fines. Esa determinación solo fue notificada al Lcdo. William Veguilla de Jesús, más no al señor Ojeda Dávila. No obstante, el señor Ojeda Dávila informó en su recurso que el 13 de mayo de 2026, obtuvo la Orden del 27 de abril de 2026, en la ventanilla del tribunal de Salinas.

Luego de otros trámites, el 11 de mayo de 2026, la parte demandante interpuso una *Moción en oposición a solicitud de desestimación*[5]. A grandes rasgos, alegó que el demandado presentó alegaciones responsivas e incluyó documentos para rebatir las alegaciones de la demanda. Sostuvo que las alegaciones de su escrito son propias de una contestación a

---

[3] SUMAC TPI, entrada 12.
[4] SUMAC TPI, entrada 13.
[5] SUMAC TPI, entrada 19; Anejo 11 del Recurso de Certiorari.

demanda.  Más adelante, solicitó que se declare que el demandado se sometió tácitamente a la jurisdicción del Tribunal y que declare sin lugar la solicitud de desestimación de la demanda.

Evaluado el asunto, el 20 de mayo de 2026, el foro primario emitió la Resolución Interlocutoria[6].  En esta declaró "No ha lugar" la "Comparecencia especial sin someterse a jurisdicción al único fin de impugnar la jurisdicción por inexistencia de emplazamiento y solicitar la nulidad inmediata de la declaratoria de herederos por quiebre del debido proceso, perjurio, y fraude procesal" y la "Moción en oposición a solicitud de desestimación".

Insatisfecho con la Orden dictada el 27 de abril de 2026, el 21 de mayo de 2026, el señor Ojeda Dávila presentó un recurso de *certiorari* a este foro intermedio. En su recurso señaló los siguientes errores:

> Primero:  Erró el Tribunal de Instancia al sostener la viabilidad del pleito, ignorando que la demandante carece de legitimación activa absoluta (standing) al pretender actuar a nombre de una sucesión jurídicamente inexistente ante una caducidad fatal operada el 1 de febrero de 2017.

> Segundo:  Erró el Tribunal de Instancia al acoger una moción de conversión ordinaria reincidente y otorgar un emplazamiento por edicto de oficio, en abierta violación al mandato imperativo de desestimación con perjuicio que impone la Regla 4.3 (c) ante un cuadro admitido de contumacia crónica.

> Tercero: Erró el Tribunal de Instancia al emitir una orden sustantiva de conversión al rito ordinario y autorizar un emplazamiento por edicto *exparte*, adjudicando las controversias sin haber adquirido jamás jurisdicción *in personam* sobre el peticionario *pro se*.

> Cuarto: Erró el Tribunal de Instancia al intentar una resurrección procesal retroactiva emitiendo órdenes en un cuarto oscuro procesal, acogiendo un escrito radicado cinco (5) días tarde y en abierto quebranto continuo al debido proceso de ley.

---

[6] SUMAC TPI, entrada 21; Anejo 13 del Recurso de Certiorari.

Junto al recurso el señor Ojeda Dávila incluyó una *Moción Urgente de Auxilio de Jurisdicción Solicitando la Paralización Inmediata de Todos los Procedimientos en el Tribunal de Primera Instancia.* Mediante resolución emitida el 22 de mayo de 2026, emitimos una *Resolución[7],* en la que le indicamos que no se atendería ningún auxilio de jurisdicción en donde la parte peticionaria no se someta a nuestra jurisdicción. Tras ello, el 26 de mayo de 2026, el señor Ojeda Dávila interpuso una moción de sumisión completa a la jurisdicción de este foro revisor.

La parte recurrida presentó su alegato en oposición. Evaluado el asunto, disponemos.

## II.

## A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. Allio v. Santiago Chardón, 2026 TSPR 13, 217 DPR ___ (2026); Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023). El adecuado ejercicio de la discreción está "inexorable e indefectiblemente atado al concepto de la razonabilidad". García v. Asociación, 165 DPR 311, 321 (2005).

En particular, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece los preceptos que regulan la expedición del recurso discrecional de *certiorari*, para la revisión de determinaciones interlocutorias del Tribunal de Primera Instancia. En lo pertinente, la regla dispone que,

---

[7] La Juez Grana Martínez, disintió sin voto escrito.

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Al evaluar un recurso de certiorari, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de certiorari. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. Allio v. Santiago Chardón, supra; BPPR v. SLG Gómez-López, 213 DPR 314, 334-335 (2023). De igual manera, es norma reiterada que los jueces de instancia tienen gran flexibilidad y discreción para lidiar con el manejo diario y tramitación de los asuntos judiciales. BPPR v. SLG Gómez-López, *supra*, pág. 333; In re Collazo I, 159 DPR 141, 150 (2003). Ahora bien, la discreción cede en las circunstancias en las que se demuestre que éstos actuaron con prejuicio o parcialidad; incurrieron en un craso abuso de discreción, o se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. BPPR v. SLG Gómez-López, supra, págs. 334-335; Rivera et al. v. Arcos Dorados et al., supra, pág. 210.

**B.**

El Artículo 725 del Código Civil 2020, 31 LPRA sec. 7863, establece que puede llevar a cabo una acción de desahucio aquella persona "con derecho a poseer un bien tiene acción para promover el juicio de desahucio contra cualquier poseedor sin derecho a poseer". Íd. La función de este procedimiento es recuperar la posesión de una propiedad, por conducto de un lanzamiento o expulsión del precarista o arrendatario que detenta el inmueble sin pagar retribución económica alguna. ATPR v. SLG Volmar-

Mathieu, 196 DPR 5, 10 (2016); Mora Dev. Corp. v. Sandín, 118 DPR 733 (1987). "El desahucio puede solicitarse en un proceso ordinario o en un proceso sumario". Adm. Vivienda Pública v. Vega Martínez, 200 DPR 235, 240 (2018).

En lo que respecta al proceso sumario el cuerpo normativo que rige dicha modalidad son los Artículos 620 al 634 de Código de Enjuiciamiento Civil, 32 LPRA secs. 2821-2838. En la acción sumaria se debe limitar la concurrencia o consolidación de otras acciones o defensas. Markovic v. Meldon, 2025 TSPR 99, 216 DPR ___ (2025); ATPR v. SLG Volmar- Mathieu, *supra,* pág. 10.

Es doctrina general establecida que los conflictos de título no pueden dilucidarse en el juicio sumario de desahucio. CRUV v. Román, 100 DPR 318, 321 (1971). Así que, en los casos que el demandado presente otras defensas afirmativas relacionadas con la acción de desahucio, este puede solicitar que el procedimiento se convierta al trámite ordinario. ATPR v. SLG Volmar- Mathieu, *supra,* pág. 10. Una vez el desahucio sumario se convierte en uno ordinario "la reclamación estará sujeta a las **reglas de litigación civil ordinaria**, excluyendo la legislación especial que reglamenta el desahucio sumario y sus restringidos plazos y condiciones". ATPR v. SLG Volmar- Mathieu, *supra,* pág. 10. Así pues, "[l]a conversión de un pleito al trámite ordinario permite alargar los términos procesales por lo que elimina el carácter expedito que exige el proceso sumario." Markovic v. Meldon, *supra,* pág. 8.

**C.**

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este

mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado. Ross Valedón vs. Hosp. Dr. Susoni et al, 213 DPR 481, 487-488 (2024); Pérez Quiles v. Santiago Cintrón, 206 DPR 379, 384 (2021).

En nuestro ordenamiento procesal, un tribunal adquiere jurisdicción sobre la persona del demandado de dos maneras distintas: cuando se utilizan adecuadamente los mecanismos procesales de emplazamiento establecidos en las Reglas de Procedimiento Civil o cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal, explícita o tácitamente. Cirino González v. Adm. Corrección et al., 190 DPR 14, 29 (2014).

Respecto al emplazamiento, las Reglas de Procedimiento Civil establecen que el emplazamiento se diligencia de forma personal o mediante edicto. Caribbean Orthopedics v. Medshape et al., 207 DPR 994, 1005 (2021); Sánchez Ruiz v. Higuera Pérez, 203 DPR 982, 987 (2020).

En lo que nos atañe, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, gobierna todo lo relacionado con el emplazamiento por edictos y su publicación, a saber:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así se **compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento

negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto.

[……..]

De una lectura de la disposición citada se desprende que el emplazamiento mediante edictos está estructurado para cuatro situaciones específicas, cuando la persona a ser emplazada: (1) se haya fuera de Puerto Rico; (2) aunque se encuentre en Puerto Rico, no puede ser localizada; (3) estando en Puerto Rico, se oculta para no ser emplazada, o (4) cuando se trata de una corporación extranjera sin agente residente. Rivera v. Jaume, 157 DPR 562, 576 (2002).

Por otro lado, a pesar del riguroso cumplimiento con los requisitos del emplazamiento que exige nuestro ordenamiento procesal civil, el Tribunal Supremo de Puerto Rico ha reconocido que el derecho a ser emplazado es renunciable. Cirino González v. Adm. Corrección et al., *supra*, pág. 37*;* Peña v. Warren, 162 DPR 764, 778 (2004).  Una forma de efectuar tal renuncia es a través de la sumisión expresa o tácita del demandado a la jurisdicción del tribunal o de un foro administrativo. Íd*.* Específicamente, aquella parte que "comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito, se somete a la jurisdicción del tribunal". Íd. En esos casos, la comparecencia suple la omisión del emplazamiento y es suficiente para que el tribunal asuma jurisdicción. Cirino González v. Adm. Corrección et al., *supra;* Peña v. Warren, *supra.*

## III.

El señor Ojeda Dávila cuestiona la orden que dictó el foro primario el **27 de abril de 2026**, en la cual autorizó que la acción de desahucio se convirtiera en un procedimiento ordinario.

Permitió, además, el emplazamiento por edicto para este. El peticionario alegó que fue excluido del proceso de notificación. Arguyó, a su vez, que la solicitud de conversión del pleito de desahucio se realizó cinco (5) días más tarde. Indicó que el emplazamiento por edictos se fundamentó en una declaración jurada que no contenía la firma del oficial de juramentos. De igual manera, en la discusión de sus señalamientos de error, el peticionario incorporó alegaciones de los pormenores del caso respecto a la presunta nulidad del título de la parte demandante sobre la propiedad cuyo desahucio solicita. Revisamos.

En la orden del 27 de abril de 2026, aquí cuestionada, el foro primario convirtió el desahucio en un procedimiento de desahucio ordinario, autorizó el emplazamiento por edicto, más le ordenó a la parte demandante a suplir la declaración jurada relacionada al emplazamiento.

El foro primario emitió esta determinación a petición de la parte demandante, y luego de que el demandado Ojeda Dávila presentó una moción de comparecencia especial. En esta, el peticionario realizó alegaciones para cuestionar la titularidad del bien objeto del desahucio. Así mismo, el demandante solicitó la conversión del procedimiento de desahucio a uno ordinario ante la dificultad de emplazar al señor Ojeda Dávila.

Por estos planteamientos respecto a la titularidad del bien y la dificultad de realizar el emplazamiento, la determinación del foro primario, de convertir la acción de desahucio en un procedimiento ordinario, fue una actuación razonable y no es contraria a derecho. Tampoco lo es, la determinación de autorizar el emplazamiento por edicto, aun cuando entendemos que el

demandado, por sus alegaciones, se sometió voluntariamente a la jurisdicción del foro primario.

Así pues, en ausencia de abuso de discreción por parte del TPI, resolvemos confirmar la determinación aquí recurrida.

## IV.

Por las razones antes expresadas, se CONFIRMA la orden, cuya revisión se nos solicitó.  Con lo aquí resuelto, disponemos de la totalidad del asunto ante nuestra consideración, incluyendo la Moción en Auxilio de Jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones